FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC 14 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority
Send       X
Enter      ___
Closed     X
JS-5/JS-6  ___
JS-2/JS-3  ___
Scan Only  ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CASEY PARKS, et al., | SA CV 02-507 AHS (MLGx) |
| Plaintiff, | ORDER DENYING DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER EXTINGUISHING ALL LIENS AND RELEASE OF ALL PROPERTY |
| v. | |
| EASTWOOD INSURANCE SERVICES, INC., | |
| Defendant. | |

DOCKETED ON CM

DEC 15 2005

BY _____ 040

I.

**THE PENDING EX PARTE APPLICATION**

On November 21, 2005, defendant filed the instant ex parte application for an order extinguishing all liens and release of all property. On November 22, 2005, plaintiffs filed opposition. On November 23, 2005, defendant filed a reply.

II.

**BACKGROUND**

This class action alleged violations of FLSA and Cal. Bus. & Prof. Code § 17200. A settlement of $1.2 million was reached as to the class claims and a full release was obtained

454

Plaintiffs' counsel submitted an application for attorneys' fees, seeking $3,636,893, representing a $1,516,622.20 lodestar, with a requested $2.4 million enhancement. Defendant objected to the fee petition. On June 28, 2005, Judge Taylor awarded $2,080,415 in fees. On June 30, 2005, Judge Taylor retired from the bench.

The execution of judgment was automatically stayed until July 11, 2005, ten days after its entry. On July 8, 2005, the Court granted defendant's ex parte request for an additional ten-day stay, enabling defendant to obtain a supersedeas bond. On July 19, 2005, the Court granted defendant's ex parte application to set the amount of the supersedeas bond. On July 26, 2005, plaintiffs obtained a levy on defendant's bank accounts. Prior to defendant posting the bond, plaintiffs had also filed a lien on defendant's real property. On July 27, 2005, the Court approved bond in the amount of $2,600,519 and issued a stay on all further proceedings pending defendant's appeal.

On July 28, 2005 ("July 28 Order"), the Court granted defendant's proposed order for release of levy on defendant's personal or real property. Plaintiffs subsequently released the levy issued upon defendant's bank accounts. On August 15, 2005, the Court denied defendant's ex parte application for an order directing plaintiffs to release all liens on defendant's real property or, in the alternative, defendant's request for an order requiring the release of all liens and abstracts of judgment, which defendant contends were steps required by the Court's July 28 Order.

//

## III.

## SUMMARY OF THE PARTIES' CONTENTIONS

**A.      Defendant's Ex Parte Application**

Defendant applies for an order extinguishing all liens and releasing all property subject to the liens based on the fact that once a stay of judgment is entered pursuant to a sufficient bond, all prior liens are extinguished, no new liens can be created, and all properties subject to the liens are released. See 28 U.S.C. § 1962; Cal. Civ. Proc. Code §§ 697.040, 697.050. Here, defendant has posted a supersedeas bond in the amount of $2,600,519, effectively staying enforcement of the judgment pending defendant's appeal. Thus, pursuant to Cal. Civ. Proc. Code § 697.040, any existing lien on defendant's holdings must be extinguished, which in turn releases all property subject to plaintiffs' lien pursuant to Cal. Civ. Proc. Code § 697.050. Defendant contends that the case relied on by plaintiffs to support the position that the posting of a supersedeas bond does not have retroactive effect, Ribbens Int'l v. Transport Int'l Pool, Inc., 40 F. Supp. 2d 1141 (C.D. Cal. 1999), applies only to the extinguishment of levies and not to liens.

Defendant further requests that the Court extinguish the abstract of judgment filed by plaintiffs and any liens attached to defendant's property based on the faulty abstract. Defendant contends that the abstract of judgment filed by plaintiffs contains incorrect and misleading information, namely that the judgment creditor is "Mower, Carreon, & Desai, LLP" ("Mower Carreon") when in fact no judgment was rendered in favor of Mower Carreon, rather the judgment was rendered for

1. plaintiffs. The mere fact that the order was for attorneys' fees
2. does not make the judgment creditor plaintiffs' attorneys; as it
3. stands, there is nothing to prohibit plaintiffs from seeking an
4. abstract of judgment and placing a second lien on defendant's
5. property. Defendant also submits that plaintiffs should not be
6. allowed to file an amendment to the abstract of judgment. Cal.
7. Civ. Proc. Code § 674(b) allows for a judgment creditor to file
8. an amended abstract of judgment when, at the time of the filing,
9. the creditor was unaware of the debtor's drivers' license number
10. or social security number. There is no provision for amendment
11. when the wrong judgment creditor is listed.

**B.      Plaintiffs' Opposition**

In opposition, plaintiffs contend that the Court does not have jurisdiction to rule on defendant's application. Defendant filed a Notice of Appeal from the June 28, 2005 Judgment entered by Judge Taylor on July 21, 2005. This appeal has now been docketed by the Court of Appeals for the Ninth Circuit. It is well-settled that the "docketing of a notice of appeal ousts a district court of jurisdiction." Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992). Accordingly, any procedural request must be filed with the Ninth Circuit.

Plaintiffs further contend that the Court has previously denied defendant's request to extinguish existing liens and abstracts of judgment. On August 15, 2005, the Court denied defendant's ex parte application to extinguish the abstract of judgment which was filed against defendant's property. Defendant's new contention that the abstract of judgment contains improper information should have been brought

1 | in the original motion, but was not. It is well established that
2 | courts will not reconsider arguments that could have been bought
3 | in the original motion. In this case, defendant clearly knew
4 | that Mower Carreon was listed as the judgment creditor on the
5 | abstract of judgment order, which was filed more than four months
6 | ago.
7 |       Plaintiffs submit that state law does not control the
8 | effect of a supersedeas bond on a federal judgment. State law
9 | applies only to the extent no federal statute is applicable;
10 | here, because Fed. R. Civ. P. 62(d) expressly governs supersedeas
11 | bond approval and the effect thereof, California law does not
12 | apply. Moreover, Cal. Civ. Proc. Code § 697.040 only applies to
13 | statutory liens created under state law. A separate and distinct
14 | section, Cal. Civ. Proc. Code § 697.060, applies to the recording
15 | of federal judgments. This section is silent on the
16 | extinguishment issue, obviously deferring to Rule 62(d).
17 | Ribbens, 40 F. Supp. 2d at 1143 (holding that California state
18 | law does not apply to judgment execution issues). Rule 62(d) is
19 | clear: a stay is effective only when the supersedeas bond is
20 | approved; before the bond is approved, there is no stay and the
21 | judgment creditor is free to execute upon the judgment. The
22 | language cannot be read to give defendant's bond retroactive
23 | application regarding the pre-existing abstract of judgment, as
24 | defendant argues.
25 |       Plaintiffs further submit that the proper judgment
26 | creditor is Mower Carreon, not plaintiffs. In class action
27 | litigation, fee awards belong to class counsel, not to
28 | plaintiffs. Flannery v. Prentice, 26 Cal.4th 572 (2001). Here,

1  Mower Carreon filed a separate motion for its attorneys' fees and
2  costs after settlement of the underlying claims. The attorneys'
3  fees thus belong to class counsel, not the individual "opt-in"
4  class members.
5        Finally, plaintiffs argue that the doctrine of laches
6  prohibits defendant from obtaining the relief requested. Four
7  months after the abstract of judgment was filed, and three months
8  after the Court denied its previous ex parte application,
9  defendant comes before the Court to obtain the same relief, i.e.,
10 an extinguishment of the outstanding abstract of judgment.
11 Defendant's lawyers were required to file defendant's request for
12 reconsideration within a reasonable period of time, but they did
13 not. See Local Rule 7-17 (no motion shall in any manner repeat
14 arguments from previous motions).
15 **C.      Defendant's Reply**
16       In reply, defendant submits that the Court has
17 jurisdiction to rule on the pending ex parte application, as it
18 will have no effect on the merits of the pending appeal. The
19 pending appeal does not seek to deprive the judgment creditor of
20 its rights to attorneys' fees and costs. Moreover, the Court has
21 continuing jurisdiction to oversee collection proceedings and to
22 enforce its judgments. Sheldon v. Munfold, Inc., 128 F.R.D. 663
23 (N.D. Ill. 1989).
24       Defendant further submits that the present application
25 is not a disguised motion for reconsideration. The present
26 application seeks an order reflecting a declaration from the
27 Court that the liens created prior to issuance of the supersedeas
28 bond are extinguished pursuant to California law. The request

that the lien be extinguished on the basis that the judgment creditor named in the abstract of judgment is incorrect was never presented to the Court.

Defendant maintains that California law controls the creation and extinguishment of liens stemming from a federal judgment. Defendant contends that once the supersedeas bond was obtained, all liens created before its issuance must be extinguished in accordance with California law. Title 28 U.S.C. § 1962 provides "every judgment rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State, and shall cease to be a lien in the same manner and time, . . . ." In accordance with the edict stated in In re Vanden Bossche, 125 B.R. 571, 575 (N.D. Cal. 1991), that "federal and state judgments are to be treated equally," the Court should extinguish all existing liens created before issuance of the supersedeas bond.

Finally, defendant contends that Mower Carreon is not the judgment creditor. Flannery is a decision limited to a dispute arising between an attorney and client regarding who receives the benefits of an attorney fee award. Defendant further contends that its ex parte is not barred by the doctrine of laches. Plaintiffs will suffer no hardship or prejudice by the requested relief as plaintiffs' interests are fully protected by the supersedeas bond that was posted by defendant, and the relief sought in this application will not affect the merits of the pending appeal.

## IV.

## RULING

The United States District Court has jurisdiction, although the case is on appeal. However, this ex parte is essentially a motion for reconsideration of defendant's ex parte application for an order directing plaintiffs to comply with the July 28 Order, which the Court denied on August 15, 2005. The July 28 Order was not intended to encompass the release of liens and abstracts of judgments, only levies. Accordingly, it is permissible that, to date, a lien on defendant's real property remains. Defendant's filing of a supersedeas bond does not change this conclusion. Fed. R. Civ. P. 62(d).

The issue of whether or not the abstract of judgment reflects the proper judgment creditor is not relevant to the disposition of this ex parte. Cal. Civ. Proc. Code § 473 authorizes a party to amend a recorded abstract of judgment. The standard for determining whether an abstract of judgment complies with section 674, which sets forth content requirements for abstracts of judgment, is "substantial compliance," not "strict compliance." Keele, 169 Cal. App. 3d 1129, 1133 (Ct. App. 1985). The issue of whether plaintiffs' counsel may properly be listed as judgment creditors is settled: attorneys' fee awards belong to plaintiffs' counsel, and not to plaintiffs. Flannery v. Prentice, 26 Cal.4th 572, 596 (2001) (Kennard, J., dissenting).

//
//
//
//

V.

## CONCLUSION

Defendant's ex parte application for an order extinguishing all liens and release of all property is denied.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the clerk shall serve a copy of this Order on counsel for all parties in this action.

DATED: December 14, 2005.

_____
ALICEMARIE H. STOTLER
CHIEF U.S. DISTRICT JUDGE